Vanessa ABRAHAM, in her own right and as Administratrix of the Estate of Robert Abraham, deceased, and on behalf of Robert Christopher Abraham, Jr., Labreea Von Abraham and Taquan Carey, the minor children of decedent, Plaintiff,

v.

Kimberly RASO, et al., Defendants.

Kimberly RASO and Joris Hoogendoorn, Plaintiffs,

v.

The ESTATE OF Robert C. ABRAHAM, et al., Defendants.

Civil Action Nos. 96–4884(JEI), 96–5146(JEI).

United States District Court, D. New Jersey.

March 20, 1998.

Popper & Yatvin by Diane R. Brocco, Edison, NJ, for Vanessa Abraham.

Mario A. Iavicoli by Mario A. Iavicoli, Haddonfield, NJ, for Raso.

Kotlikoff, Littlefield & Fishman by Louis J. Kotlikoff, Audobon, NJ, for Raso and Hoogendoorn.

Poplar & Eastlack, P.C. by Jeffrey A. Ahren, Turnersville, NJ, for Township of Cherry Hill.

Archer & Greiner, P.C. by Frank D. Allen, Haddonfield, NJ, for Cherry Hill Center, Inc., Rouse Co., Rouse Co. of New Jersey, Inc.

Lester Schwab Katz and Dwyer by Robert Dunn, Millburn, NJ, for defendants Macy's East, Inc.

Hoagland, Longo, Moran, Dunst & Doukas by John C. Simons, New Brunswick, NJ, for CNA Ins. Co.

Law Offices of Sue Ellen Johnson by Lewis K. Jackson, Marlton, NJ, for Liberty Mut. Ins. Co.

## OPINION

IRENAS, District Judge.

Presently before this Court is defendant Macy's East, Inc's ("Macy's") motion for summary judgment as to Kimberly Raso's and her husband Joris Hoogendoorn's (collectively, "Raso") negligence claims against Macy's.[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1367. For the reasons stated below, this Court will grant Macy's motion and dismiss Raso's complaint against Macy's.

## I. BACKGROUND

The facts in this case were set forth in detail in this Court's March 5, 1998 Opinion in the above captioned consolidated actions. Only a summary is required here.

On October 15, 1994, Macy's security officers Shawn Waters and Mary Jane Thomulka observed Robert Abraham and Dennis Redding stealing clothing from the men's department in Macy's department store in the Cherry Hill Center ("the Mall") in Cherry Hill, New Jersey. Both officers observed Abraham and Redding acting strangely and believed them to be under the influence of alcohol or some other substance. Waters followed the two shoplifters through the store and to the Macy's Mall exit. There, he radioed to Thomulka and asked her to call Mall security because he was not comfortable attempting to apprehend Abraham and Redding himself, and because did not want to involve Thomulka, a fifty-year-old woman, in a physical confrontation with Abraham and Redding.

Thomulka contacted Mall security. Mall security radioed for help from the off-duty Township of Cherry Hill police officers working as Mall security guards. One of the officers responding was Kimberly Raso. In the course of resisting arrest in the Mall parking lot, Abraham drove his car at Raso at an accelerating speed. Raso jumped to avoid being hit by the car. After being hit or nearly hit by the car, Raso struck the ground or another car. She alleges that she sustained leg injuries. Raso shot and killed Abraham in the course of these events. She alleges that as a result of this incident she has experienced severe psychological problems. These problems have rendered her unable to work and have caused her suffering. She seeks to hold Macy's liable based on negligence for her physical and psychological injuries.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines,* 794 F.2d 860, 864 (3d Cir.1986). The role of the court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The substantive law governing the dispute will determine which facts are material, and only disputes over those facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* 477 U.S. at

---

**1.** In its Opinion in this consolidated matter dated March 5, 1998, this Court incorrectly stated that Raso had not opposed Macy's summary judgment motion, and granted it. By Order of the same date, this Court dismissed Raso's complaint against Macy's. By Order dated March 10, 1998 this Court vacated the portions of the March 5, 1998 Order that granted Macy's motion for summary judgment and dismissed Raso's claims against Macy's.

248. Where the moving party has carried its initial burden of demonstrating the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue for trial does not exist "unless the party opposing the motion can adduce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring). If the non-moving party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Bixler v. Central Pa. Teamsters Health & Welfare Fund,* 12 F.3d 1292 (3d Cir.1993); *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs,* 982 F.2d 884, 890–91 (3d Cir.1992).

## III. DISCUSSION

■ Raso contends that Macy's breached the duty of care it owed her when it failed to provide adequate security personnel who would have been able to apprehend Abraham and Redding. Macy's argues that it did not owe a duty of care to Raso which extended to preventing shoplifters from leaving Macy's premises. Moreover, Macy's contends that its security officers behaved reasonably and properly. Finally, Macy's contends that any breach on Macy's part was neither an actual nor proximate cause of Raso's injuries.

■ "The question of whether a duty exists is a question of law to be decided by the judge alone in the context of the circumstances of each case." *Burroughs v. City of Atlantic City,* 234 N.J.Super. 208, 560 A.2d 725, 732, *cert. denied,* 117 N.J. 647, 569 A.2d 1345 (1989); *see Clohesy v. Food Circus Supermarkets, Inc.,* 293 N.J.Super. 217, 679 A.2d 1230, 1233.

■ Generally, "[t]he proprietor of premises to which the public is invited for business purposes of the proprietor owes a duty of reasonable care to those who enter the premises upon that invitation to provide a reasonably safe place to do that which is within the scope of the invitation." *Butler v. Acme Markets, Inc.,* 89 N.J. 270, 445 A.2d 1141, 1143 (1982). Raso was a Mall security guard employed to assist in the detection and apprehension of wrongdoers. The invitation to Raso from Macy's was to aid in apprehending potentially dangerous shoplifters in the Mall parking lot. Thus, Raso was not a business invitee, she was not in Macy's as a customer, she was aware of the risks involved, and she was not on Macy's premises.

■ If Macy's owed a duty of reasonable care to Raso which was breached in this case, then, that duty must be found somewhere other than in the general duty of reasonable care business proprietors owe their customers. "Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." *Goldberg v. Housing Auth. of the City of Newark,* 38 N.J. 578, 186 A.2d 291, 293 (1962) (quoted in *Butler v. Acme Markets, Inc.,* 89 N.J. 270, 445 A.2d 1141, 1148 (1982)). Viewed one way, Raso was an employee of the landlord at the Mall. The landlord had an obligation to provide security to the Mall tenants, which it fulfilled by providing guards such as Raso to assist and supplement the tenants' private in-store security forces. Viewed another way, the relationship between Macy's and Raso was that of citizen and law enforcement officer, with Raso summoned by Macy's to perform her law enforcement duties. Either way, consideration of the relationship between Raso and Macy's cuts against finding a duty of the sort Raso proposes. The risk that dangerous individuals might commit crimes in a large shopping mall was not created by Macy's. Both the Mall and Macy's took steps to combat what might be called a common enemy, and each employed security personnel for this purpose.

Raso argues that Macy's foresaw the danger in this case, as evidenced by its security training manual which states that it is desirable for an apprehension to be made before the suspect exits the exterior doors, and cautions that extreme care must be exercised by security guards to avoid causing injury to

anyone during the apprehension. Macy's knowledge that apprehending suspected criminals can be dangerous and its desire that apprehensions be made within the store are irrelevant. Macy's owed no duty to have security forces large enough to ensure that those engaged in shoplifting, robbery or assaults were caught by Macy's personnel before they left the store. Not only is there no legal authority for imposing such a duty, but there is no public policy reason why each store in a shopping mall should be turned into an armed camp.

Raso cites as support for her position *Butler v. Acme Markets, Inc.*, 89 N.J. 270, 445 A.2d 1141 (1982). *Butler* involved a supermarket's liability for a customer's injuries sustained when she was assaulted in the supermarket's parking lot. The court upheld a finding of liability because of the general duty of business proprietors to make their premises safe for their customers, and because the supermarket had failed to place security in its parking lot or post warning signs despite the fact that several criminal assaults had occurred in the parking lot. *Butler* is inapposite here.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Macy's was not negligent. This Court will grant Macy's motion for summary judgment and dismiss Raso's complaint against Macy's. An appropriate order will enter on an even date herewith.